## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Sarah Marsden, | |
| Plaintiff, | Case No. 3:19-cv-50334 |
| v. | Honorable Iain D. Johnston |
| Kishwaukee Community College, Laurie Borowicz, Cindy McCluskey, and Dave Dammon, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Sarah Marsden allegedly held a teaching position at Kishwaukee Community College. No more. Now, she says she works in a counseling role. Dkt. 32, at ¶ 47. The troubling allegations that led to this change in her professional life gave rise the present action. She alleges First Amendment retaliation and a slew of state law claims. Defendants—Kishwaukee Community College, Laurie Borowicz, Cindy McCluskey, and Dave Dammon—have moved the Court to dismiss her claims with prejudice under a variety of theories. Dkts. 34, 39. The Court addresses only one.

Before the Court can analyze alleged retaliation or whether Marsden's speech was protected, she must first identify the alleged speech. This is not complicated. Marsden does not require the aid of discovery—she presumably knows what she said. But, critically, she never alleges what she said. The Court and Defendants do not even know the "gist" of what Plaintiff said. *Jefferson v. Ambroz*, 90 F.3d 1291, 1299 (7th Cir. 1996) (Rovner, J. concurring.) Granted, she alleges that she made a

FOIA request—but fails to tell us about it. Dkt. 32, ¶¶ 10–11, 14, 17, 42, 62. She alleges in the vaguest of terms that she publicly criticized "the College's misuse of and misappropriation of public funds"—but fails to allege when this alleged speech took place, or where, or in what form, or to whom she spoke, or even what she said. *Id*. She also alleges that she participated in union activities—but again fails to include any details, including whether she actually spoke or otherwise communicated at all during these union activities. *Id*.

Marsden, in a rather conclusory way, responds that these statements are enough. In support, she relies on *Pickering v. Board of Education*, 391 U.S. 563 (1968). But the difference is that the *Pickering* plaintiff wrote a letter, the contents of which were known and pleaded. Here, Marsden contends that she did not write the letter that started this whole affair. As explained above, she has not alleged any speech. The Court cannot embark upon an analysis of First Amendment protection without first knowing what was allegedly expressed. Marsden further contends that her allegations are enough because "potential corruption and misuse of taxpayer dollars was a matter of public concern." Dkt. 45, at 11. No doubt. But she never alleges what she said about corruption or misuse of taxpayer dollars. Speech cannot be about anything if not first communicated. After scouring the complaint, the Court cannot find any allegations to explain what the speech in question is, and thus cannot analyze whether it is about a matter of public concern or whether it is protected.

Because Marsden has not sufficiently alleged the speech, the Court saves for another day the discussion of whether such speech is protected and whether Defendants' are entitled to qualified immunity. Furthermore, at this time, the Court will not opine on Defendant's motion to dismiss regarding counts II through VIII because they are supplemental, state-law claims. If Marsden cannot continue with her claim under the First Amendment, the Court will exercise its discretion to decline supplemental jurisdiction over the remaining claims. *Lavite v. Dunstan*, 932 F.3d 1020, 1034–35 (7th Cir. 2019) ("The district court acted well within its discretion in declining to exercise supplemental jurisdiction after it dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). This rule is not rigid, but this practice is common and usually sensible if all claims within the court's original jurisdiction have been resolved before trial.").

Therefore, the Court grants Defendants' motion to dismiss [34]. But the Court dismisses without prejudice so that Marsden has another opportunity to properly allege the speech in question. This should not be difficult. The Court and Defendants have a simple question that must be answered before the action can continue: What did Plaintiff say? Marsden must file an amended complaint or move for voluntary dismissal by February 19, 2021. Defendants' will then have until March 12, 2021, to respond.

Date: February 3, 2021          By:     _____

Iain D. Johnston
United States District Judge